```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

MARK WEST,                           :   Civil Action No. 08-0700(NLH)
                                     :
                                     :   OPINION
            Plaintiff,               :
                                     :
      v.                             :
                                     :
AMERICAN HONDA                       :
MOTOR COMPANY and                    :
JOHN DOE, INC. 1-5,                  :
                                     :
            Defendants.              :
```

**APPEARANCES:**

Hercules Pappas, Esquire
Pappas & Richardson, L.L.C.
701 Route 73 S, Suite 410
Marlton, NJ 08053

    *Attorney for Plaintiff*

Dante C. Rohr, Esquire
Marshall, Dennehey, Warner, Coleman, & Goggin, P.C.
Woodland Falls Corporate Park, Suite 300
200 Lake Drive East
Cherry Hill, NJ 08002

    *Attorney for Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court upon Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. Because Plaintiff has failed to set forth a claim under the New Jersey Product Liability Act (PLA) and has failed to effect sufficient service of process, Defendant's motion will be granted.

I.  **BACKGROUND**

Plaintiff claims he was riding his TRX400EX Honda ATV in a wooded area in Kings Grant, Evesham Township, Burlington County, New Jersey.  (Compl. ¶ 1.)  Plaintiff alleges that when he shifted from second gear into first, his vehicle instead shifted into reverse.  (Id. ¶¶ 3-4.)  Plaintiff claims that he was thrown forward over the handlebars and that as a result of the accident, he suffers from "breathing difficulties and injuries to his back, chest, and ribs."  (Id. ¶¶ 5-6.)

Plaintiff filed a complaint against American Honda Motor Company and John Doe, Inc. (1-5, fictitious entities) in the Superior Court of New Jersey, Burlington County, Law Division on October 12, 2007.  On January 15, 2008, the sheriff's office left the summons and complaint at Honda's Parts Center Security Office in Mt. Laurel, New Jersey.  On February 14, 2008, Defendant American Honda Motor Co., Inc. removed the action to this Court pursuant to 28 U.S.C. § 1332.

Defendant has moved to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(5) for insufficient service of process.[1]  Plaintiff here

---

[1] Defendant has also moved to dismiss under Rule 12(e) for vague and ambiguous language; however, the Court will not address the motion under Rule 12(e) because the motions under Rule 12(b)(6) and Rule (12)(b)(5) are dispositive of the matter.

2

has not opposed Defendant's motion to dismiss.[2]

**II. DISCUSSION**

    **A.   Jurisdiction**

This court has jurisdiction under 28 U.S.C. § 1332, which allows this Court to hear matters based upon diversity of citizenship of the parties.  Plaintiff is a resident and citizen of the State of New Jersey and Defendant is a foreign corporation, incorporated in the State of California with its principal place of business located at 1919 Torrance Boulevard, Torrance, California.  (Amended Notice of Removal ¶¶ 5,6.)  Defendant alleges that he believes in good faith that the amount in controversy exceeds $75,000.00.  (Amended Notice of Removal ¶ 7.)

    **B.   Whether Plaintiff's Complaint should be Dismissed under Rule 12(b)(6)**

        **1.   Standard for Rule 12(b)(6) Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is

---

[2] Plaintiff's opposition was due March 3, 2008.  Plaintiff requested and received an extension to submit his opposition no later than April 14, 2008.  To date, Plaintiff has not filed any opposition and he has not otherwise contacted the Court.

sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead

4

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

Even when a plaintiff has not submitted opposition to a motion to dismiss, the Court must address on the merits an

unopposed motion to dismiss a complaint for failure to state a claim.  Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

### 2. Whether Plaintiff's Claims should be Dismissed for Failure to Plead Claims under the PLA

Plaintiff's Complaint is styled in three counts: "Faulty Design", "Faulty Manufacturing", and "Fitness For Purpose".  In each of the counts, plaintiff alleges that his injuries were proximately caused by defendant's "negligence, carelessness and recklessness."  Compl. at ¶¶ 14-16, 20-22, and 26-30.  Nowhere does the complaint cite to the PLA.  Defendant asserts that such claims may only be pled in terms cognizable under the PLA.  In determining whether Plaintiff has failed to state a claim, we turn therefore to whether Plaintiff's claims fall within the scope of the PLA.

The PLA provides that "a manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose." N.J.S.A. 2A:58C-1.  A "product liability action" is defined as "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J.S.A. 2A:58C-1.  "Harm" includes

6

personal physical illness, injury or death, pain and suffering, mental anguish or emotional harm.  N.J.S.A. 2A:58C-1.  "The PLA is the exclusive remedy for personal injury claims arising out of product use." Koruba v. American Honda Motor Co., Inc., 935 A.2d 787, 795 (N.J. Super. Ct. App. Div. 2007)(citation omitted).

The PLA does not recognize either negligence or implied breach of warranty as separate claims for harm caused by a defective product; those claims have been "subsumed within the new statutory cause of action."  Tirrel v. Navistar Intern., Inc., 591 A.2d 643, 647 (N.J. Super. Ct. App. Div. 2007); see also Canty v. Everlast Supply Co., 685 A.2d 1365, 1371 (N.J. Super. Ct. 1996) (dismissing plaintiffs' common law negligence claims because they are superseded by state legislation); see also Koruba v. American Honda Motor Co., Inc., 935 A.2d at 795 (noting that "negligence is not a basis for liability under the PLA").  "[T]he causes of action for negligence, strict liability, and implied warranty have been consolidated into a single product liability cause of action, the essence of which is strict liability." Green v. General Motors Corp., 709 A.2d 205, 209 (N.J. Super. Ct. App. Div. 1998) (citation omitted).  Thus, in order to bring a product liability action under New Jersey law, a plaintiff must do so pursuant to the PLA.

Here, Plaintiff claims that Defendant improperly manufactured and designed the ATV and failed to warn Plaintiff of

7

design and manufacturing defects.  (Compl. ¶¶ 13,19.)  Plaintiff also claims that the ATV was not fit for its particular purpose.  (Id. ¶ 27.)  Furthermore, Plaintiff alleges injuries to "his back, chest, and ribs; nervousness and anxiety; as well as a severe shock to his nervous system."  (Id. ¶ 2.)  All of these claims are fairly characterized as "personal injury claims arising from product use", and therefore fall within the scope of the PLA.  Koruba, 935 A.2d at 795.

While Plaintiff's claims are within the scope of the PLA, he has failed to bring his claims under the PLA.  Rather, Plaintiff brings these claims under New Jersey common law for negligence, carelessness, recklessness, and breach of warranties.  Because Plaintiff has not sought a remedy under the PLA in the Complaint and the common law claims alleged by Plaintiff have been subsumed within the PLA, Plaintiff's Complaint must be dismissed.

**C.  Whether Plaintiff's Complaint should be Dismissed under Rule 12(b)(5)**

Defendant has also moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5), which provides that a party may plead the defense of insufficient service of process to a claim for relief.  Even though it has already been determined that Plaintiff's Complaint should be dismissed for failure to plead under the PLA, Rule 12(b)(5) provides an additional basis for dismissal.

8

A foreign corporation such as Defendant American Honda Motor Co., Inc. can be served effectively in two ways: (1) pursuant to Fed. R. Civ. P. 4(h)(1)(B), or (2) pursuant to New Jersey Court Rule 4:4-4(a)(6).  See Mettle v. First Union Nat. Bank, 279 F. Supp. 2d 598, 602 (D.N.J. 2003).

### 1. Service of Process under Fed. R. Civ. P. 4(h)(1)(B)

Under Federal Rule 4(h)(1)(B), service of process can be effected on a foreign corporation through delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  In order for service of process upon an agent to be effective, it must be shown that the agent was actually appointed by the defendant for the specific purpose of receiving process. U.S. v. Marple Community Record, Inc., 335 F. Supp. 95, 101 (E.D. Pa. 1971)(citation omitted).  Mere acceptance is not enough to demonstrate an agency relationship for purpose of service of process.  Id. at 102.  "When sufficiency of service of process is challenged, the party asserting the validity of service bears the burden of proof."  State Farm Mut., Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008)(citing Grand Entm't. Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)).

Here, Defendant argues that service of process on the

9

Security Office of Honda Parts Center in Mt. Laurel, NJ was not proper because Plaintiff did not serve an officer, managing or general agent, or an agent authorized by appointment or by law. Plaintiff bears the burden of showing that the service of process is valid, but Plaintiff has not submitted any evidence that he served a proper agent of Defendant or that an agency relationship exists between the Security Office of Honda Parts Center and Honda Motor Co., Inc. Therefore, the Court cannot conclude that Plaintiff properly served his Complaint pursuant to Rule 4(h)(1)(B).

### 2. Service of Process under N.J. Ct. R. 4:4-4(a)(6)

Service of process can also be effected upon a foreign corporation pursuant to New Jersey Court Rule 4:4-4(a)(6). See Fed. R. Civ. P. 4(h)(1)(A) (permitting a foreign corporation to be served in the same manner prescribed for individuals under Federal Rule 4(e)(1)); Fed. R. Civ. P. 4(e)(1) (allowing an individual to be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

New Jersey Court Rule 4:4-4(a)(6) permits service on a corporation by delivering a summons and complaint to:

> any officer, director, trustee, or managing
> or general agent, or any person authorized by

>           appointment or by law to receive service of
>           process on behalf of the corporation, or on a
>           person at the registered office of the
>           corporation in charge thereof, or, if service
>           cannot be made on any of those persons, then
>           on a person at the principal place of
>           business of the corporation in this State in
>           charge thereof, or if there is no place of
>           business in this State, then on any employee
>           of the corporation within this State acting
>           in the discharge of his or her duties,
>           provided, however, that a foreign corporation
>           may be served only as herein prescribed
>           subject to due process of law.

A plaintiff bears the burden of proving that "an alleged agent has specific authority, express or implied, for the receipt of process." Zoning Bd. of Adjustment of Sparta Tp. v. Service Elec. Cable, 487 A.2d 331, 335 (N.J. Super. Ct. App. Div. 1985); see also Local 617 v. Hudson Bergen Trucking Co., 440 A.2d 18, 21 (N.J. Super. Ct. App. Div. 1981) (noting that "it is clearly plaintiff's burden of proving an agency relationship"). In addition, New Jersey courts have found that mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so. Jameson v. Great Atlantic and Pacific Tea Co., 833 A.2d 626, 632 (N.J. Super. Ct. App. Div. 2003) (citing Local 617 v. Hudson Bergen Trucking Co., 440 A.2d at 18).

Here, Plaintiff's service is deficient under New Jersey service rules for the same reason as it is deficient under the

federal service rules.  Consequently, because Plaintiff has not sufficiently served process pursuant to Federal Rule 4(h)(1)(B) or New Jersey Court Rule 4:4-4(a)(6), Plaintiff's Complaint must be dismissed on this basis as well.

### III. CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss must be granted.  An appropriate Order will be entered.

Date:   August 28 , 2008          s/Noel L. Hillman         

At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

12